DANIEL V. STEENSON
[Idaho State Bar No. 4332]
DAVID P. CLAIBORNE
[Idaho State Bar No. 6579]
RINGERT LAW CHARTERED
455 South Third Street
P. O. Box 2773
Boise, Idaho 83701-2773
Telephone: (208) 342-4591
Facsimile: (208) 342-4657
E-mail: dan@ringertlaw.com; dpc@ringertlaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO (SOUTHERN DIVISION)

| | |
|---|---|
| **VILLAGE OF YELLOW PINE ASSOCIATION**, an unincorporated association; **IDAHO RECREATION COUNCIL**, an Idaho nonprofit corporation; **CHRIS** and **LOIS SCHWARZHOFF**, husband and wife; and **BIG CREEK LODGE AND OUTFITTERS, INC.**, an Idaho corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES FOREST SERVICE**, a federal agency within the Department of Agriculture; **SUZANNE C. RAINVILLE**, Forest Supervisor, Payette National Forest; and **BRANT PETERSEN**, District Ranger, Krassel Ranger District, Payette National Forest;<br><br>Defendants. | Case No. CV-09-275-S-EJL<br><br>**AMENDED COMPLAINT** |

**COMES NOW** the Plaintiffs, by and through their attorneys of record, Ringert Law Chartered, and hereby amend their *Complaint* filed in this action on June 9, 2009, Dkt. No. 1, and hereby complain and allege against Defendants as set forth herein.

## INTRODUCTION

1. The Payette National Forest (herein "PNF") lies in central Idaho encompassing portions of four (4) Idaho counties and approximately 2,300,000 acres. The PNF has long provided the public and Plaintiffs outstanding and diverse opportunities for motorized recreation through an interconnected system of roads, including the following: the Smith Creek Road (50371), the Big Creek Loop (503408500), Cleveland Mine Road (503408540), Logan Creek Road (50343), Moscow Mine Road (503438000), Ludwig Mine Roads (503435000 and 503435500), Golden Cup Mine Roads (503406600 and 503406650), McCrea Mine Roads (503717000, 503717500 and 503442000), Wilson Mine Loop Road and extension (T20N R8E section 24), Red Metal Mine Road (T20N R9E section 30), and Quartz Creek Road and Cinnabar Mine Road (including the extension to Monumental Road 1290) (starting in T19N R9E section 34). These roads extend more than 30 miles and have been used for at least 50 years. Plaintiffs have used these roads for multiple purposes described further herein over many years.

2. Plaintiffs challenge the Defendants' decision to prohibit motorized use of the roads identified in paragraph 1 of this *Amended Complaint*. Defendants' closure decisions are reflected initially in the McCall and Krassel Ranger Districts' Snow Free Travel Management Plan and accompanying Final Environmental Impact Statement (herein collectively the "McCall / Krassel Travel Plan"), and finalized in the October 3, 2008 Record of Decision (herein the "ROD"). Defendants affirmed and reiterated the closure decision through the Krassel Ranger District's

Proposed Action for the Big Creek / Yellow Pine Travel Plan (snow-free season) and accompanying Environmental Assessment (herein collectively the "Big Creek / Yellow Pine Travel Plan"), and finalized in the April 26, 2010 Big Creek Yellow Pine Travel Plan Project Decision Notice and Finding of No Significant Impact (herein the "FONSI"). Defendants' closure decision is based on the erroneous characterization of the "existing condition" of these roads as "closed." This characterization contradicted the true fact that all of these roads were open to motorized access before the ROD was issued, and materially affected Defendants' analysis and selection of administrative alternatives.

3. This action arises under the National Forest Management Act, 16 U.S.C. § 1600 et seq. (herein "NFMA"); the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. (herein "NEPA"); the Administrative Procedure Act, 5 U.S.C. § 551, et seq. (herein"APA"), and any implementing regulations for these statutes.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 because this action arises under the laws of the United States. The conduct complained of creates an actual, justiciable controversy and is made reviewable under the APA.

5. Venue is proper in this Court under 28 U.S.C. § 1391(e) because a substantial number of the events or omissions giving rise to these claims occurred, or, a substantial part of the property that is the subject of these claims is situated, within the District of Idaho. The ROD and FONSI were issued from the USFS's office in McCall, Idaho.

## PARTIES

6. Plaintiff Village of Yellow Pine Association (herein "Yellow Pine") is an Idaho unincorporated association comprised of approximately 100 members. Members of Yellow Pine include local business persons, property owners and residents in the area of Yellow Pine, Idaho. Members share a common appreciation of the Big Creek drainage, East Fork of the South Fork of the Salmon River and all the historic mines and natural features within these areas. Yellow Pine members have used and enjoyed, and hope for themselves and future generations to use and enjoy, a variety of recreational, aesthetic, and commercial activities within the PNF, which require continued use of the roads identified in paragraph 1 of this *Amended Complaint*. These activities (including sightseeing, hunting, fishing, camping, wildlife and plant viewing, photography and travel) require motorized access that is presently prohibited by the ROD and FONSI. Members, as an organization and through individual members, attended public meetings, submitted input to the Defendants, and otherwise participated in the process that generated the ROD and FONSI. Some members are solely dependent on revenue associated with recreational visitation to the PNF lands in the Big Creek/Yellow Pine area.

7. Plaintiff Idaho Recreation Council ("IRC") is an Idaho nonprofit corporation representing Idaho mechanized and nonmechanized recreation interests, which acts through committee(s) comprised of representatives from numerous Idaho recreation organizations, including the Idaho Off-Road 4x4 Club, the Gem State All-Terrain Vehicle Association, the Idaho Aviation Association, the Backcountry Horsemen of Idaho, the Treasure Valley Trail Machine Association, the Gem State Mountain Bike Alliance, the Western Whitewater Association, and the Idaho State Snowmobile Association. IRC members use motorized and non-motorized means, including off-

highway vehicles (motorcycles, all-terrain vehicles, jeeps/4 wheel drives), snowmobiles, horses, mountain bikes, boats, skiing and hiking, to access state and federally-managed lands throughout the United States and especially in Idaho, including the Forest Service-managed lands in the PNF at issue in this suit. IRC members have used and enjoyed, and hope for themselves and future generations to use and enjoy, a variety of recreational, aesthetic, and commercial activities within the PNF, which require continued use of the roads identified in paragraph 1 of this *Amended Complaint*. These activities (including sightseeing, hunting, fishing, camping, wildlife and plant viewing, photography and travel) require motorized access that is presently prohibited by the ROD and FONSI. IRC and its members attended public meetings, submitted input to the Defendants, and otherwise participated in the process that generated the ROD and FONSI.

8. Plaintiffs Chris and Lois Schwarzhoff (herein collectively "Schwarzhoff"), are husband and wife, who have since 1990 recreated upon trails and areas within the Krassel Ranger District, specifically including those roads identified in paragraph 1 of this *Amended Complaint*, and own real property in the Big Creek drainage. During the period 1996 to 2003 they were one of the owners of the Big Creek Lodge. The Schwarzhoff's use and hope in the future to use to the extent authorized by the USFS, motorized means of access to travel routes and visit areas within the Krassel Ranger District, specifically including those roads identified in paragraph 1 of this *Amended Complaint*. Many of these roads or areas have been closed to motorized access by the ROD and FONSI, making it extremely difficult, if not impossible, for Schwarzhoffs' to safely and reasonably access the PNF lands. The Schwarzhoffs participated in all aspects of the administrative process leading to the ROD and FONSI.

9. Plaintiff Big Creek Lodge and Outfitters, Inc. (herein the "Lodge") is a business which has and hopes in the future to continue, in accordance with a special use permit issued and administered by the USFS, to provide food, lodging and outfitting services in the Big Creek drainage. This Lodge has been in existence for 77 years. The Lodge's customer base is split between air traffic at the adjoining air strip, motorized recreationists and guided backcountry hunting, which typically would visit the Lodge from late May through early November. The owners and operators of the Lodge, as well as their visitors, use motorized means of access to travel roads and visit areas within the Krassel Ranger District, specifically including those roads identified in paragraph 1 of this *Amended Complaint*. Many of these historically-accessed roads or areas have been closed to motorized access by the ROD and FONSI, making them extremely difficult, if not impossible, for the Lodge owners and visitors to safely and reasonably visit. The ROD and FONSI have severely hampered, if not eliminated, the Lodge's ability to continue viable operations. The Lodge participated in all aspects of the administrative process leading to the ROD and FONSI.

10. Defendant United States Forest Service (herein "USFS") is a federal agency within the United States Department of Agriculture. The USFS is charged with administering and overseeing United States Forest System lands in accordance with applicable law. The PNF is an administrative subunit of the USFS with its main office located in McCall, Idaho.

11. Defendant Suzanne C. Rainville (herein "Rainville") is the Forest Supervisor for the PNF. As her title implies, she is the supervisor for the PNF and is the ultimate authority for the actions, procedures and decisions of the PNF and is charged with ensuring the PNF complies with applicable law. She is sued solely in her official capacity.

12. Defendant Brant Petersen (herein "Petersen") is the District Ranger for the Krassel Ranger District, an administrative subunit of the PNF. He is the supervisor for the Krassel Ranger District and is the ultimate authority for the actions, procedures and decisions of the Krassel Ranger District and is charged with ensuring the Krassel Ranger District complies with applicable law. He is sued solely in his official capacity.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Prior to 1988, travel was generally not restricted in the PNF and travel guidance was provided by a series of travel maps, one of which was issued in 1984. All of the roads described in paragraph 1 of this *Amended Complaint* were open to all motorized travel prior to 1988.

14. In 1988, Defendants performed travel management planning at the forest level through the issuance of a Forest Plan. The 1988 Forest Plan generally established that the PNF would be "open" to vehicle travel except for those roads, trails or areas specifically restricted. The 1988 Forest Plan provided that all of the roads described in paragraph 1 of this *Amended Complaint* were open to all motorized travel. As a part of the 1988 Forest Plan, the PNF issued its Forest Visitor/Travel Map that was consistent with the foregoing.

15. The "Forest Visitor/Travel Map" was revised by the PNF in 1995, and was updated annually until 2006. Each of these maps identified the roads described in paragraph 1 of this *Amended Complaint* as open to all motorized travel.

16. In 2003, Defendants issued the Land and Resource Management Plan (herein "LRMP") to act as the governing land use plan for the PNF. The LRMP reflects the broadest, programmatic planning direction, which outlines goals and objectives for multiple use resource management and identifies standards and guidelines which describe the sideboards within which

specific activities will be conducted in accordance with more detailed project-level or site-specific planning. The LRMP did not specifically address travel management planning. Instead, it set forth an agency decision to conduct travel management planning through a separate planning process.

17. In 2004, the PNF published its Big Creek Road Analysis Report and accompanying map. This report and map identified the roads described in paragraph 1 of this *Amended Complaint* as open to all motorized travel.

18. In reliance upon the unrestricted travel permitted prior to 1988, and upon the use permitted by the 1988 Forest Plan, and upon the Forest Visitor/Travel Map, and upon the 2004 Big Creek Road Analysis Report, Plaintiffs regularly engaged in motorized travel in the PNF, and specifically on those roads identified in paragraph 1 of this *Amended Complaint*, during all seasons of nature, for purposes of motorized travel to engage in recreational activities such as sightseeing, hunting, fishing, camping, wildlife and plant viewing, photography and pleasure travel. These uses continued up to the time of issuance of the ROD.

19. On October 4, 2004, Defendants published a "notice of intent" advising the public of its intent to conduct a public planning process by which to manage summer and winter recreational access to the PNF.

20. On November 9, 2005, the USFS published in the Federal Register a Final Rule entitled "Travel Management; Designated Routes and Areas for Motor Vehicle Use." 70 Fed.Reg. 68264-68291 (Nov. 9, 2005) (herein the "Travel Management Rule"). The Travel Management Rule generally "requires designation of those roads, trails and areas that are open to motor vehicle use…and will prohibit the use of motor vehicles off the designated system, as well as use of motor vehicles on routes and in areas that is not consistent with the designations." 70 Fed.Reg. 68264 (Nov.

9, 2005).

21. In February 2006, the PNF published and circulated its Draft Environmental Impact Statement for the PNF Travel Management Plan (herein the "DEIS"). The DEIS was circulated in furtherance of the "notice of intent" issued in October 2004. The DEIS presented a total of four (4) distinct alternatives to be analyzed in detail, including the legally-required "no action" alternative. Alternative A, the "no action" alternative, would maintain the present system of roads, trails, and areas open to motorized vehicles. The DEIS did not identify the roads described in paragraph 1 of this *Amended Complaint* as existing roads. Alternative B would have slightly decreased existing road and motorized trails mileage, but would have increased the miles of trail designed specifically for ATVs. Alternative C would have increased motorized travel opportunities from existing conditions. Alternative D would have reduced roads and motorized trails more than in Alternative B.

22. Another forest-level travel map was issued by the PNF in 2007 and subsequently sold and distributed to the public. This map identified the roads described in paragraph 1 of this *Amended Complaint* as open to all motorized travel.

23. A Final Environmental Impact Statement for the PNF Travel Management Plan (herein the "FEIS") was published in April 2007. Analysis of comments to the DEIS apparently prompted creation of a new Alternative E that was in addition to those presented in the DEIS. Alternative E would have reduced roads and two-wheel motorized trails, and provided greater ATV and OHV opportunities than Alternatives B and D but less than Alternative C. Alternative E was identified in the FEIS as the preferred alternative.

24. The ROD was released on October 3, 2008. The ROD adopts a variation of Alternative E. The effect of the ROD is to prohibit motorized travel on the roads identified in paragraph 1 of this *Amended Complaint*. This prohibition was based on a finding that the administrative "status quo" preceding the ROD was that the routes were "closed" to vehicle travel by the general public.

25. A total of 31 appeals from the ROD under 36 C.F.R. part 215 were timely filed. On January 8, 2009, the Appeal Deciding Officer, Brent L. Larson, issued a decision affirming the ROD and rejecting all appeals. The Appeal Deciding Officer indicated that his decision was based, in part, on "the Forest Supervisor's commitment to further evaluate the concerns raised by appellants regarding the decision to not include certain roads and trails in the Big Creek/Yellow Pine area in the designation for motor vehicle use." The appeal decision further stated that the further evaluation promised by the USFS made it "unnecessary to reverse or remand" the ROD, and that "[r]emanding the decision would prevent realization of the benefits of a managed transportation [system] for the larger landscape of these two Ranger Districts." *Id.* The appeal decision directs that the further evaluation "be completed and a decision issued not later than March of 2010 so that no more than one summer season is affected." *Id.* The January 8, 2009 appeal decision constitutes the final administrative determination of the U.S. Department of Agriculture and USFS regarding the issues encompassed in the ROD.

26. On June 9, 2009, Plaintiffs commenced this action.

27. On August 13, 2009, Defendants published a "description of the proposed action for the Big Creek / Yellow Pine travel plan (snow-free season) and Big Creek Ford project" advising the public of its intent to conduct a public planning process by which to manage summer recreational

access to the PNF in the area of Big Creek and Yellow Pine. In effect, this constituted a notice of intent of proposed agency action. This proposed action was initiated by Defendants in furtherance of the appeal decision on the ROD.

28. By stipulation of the parties, on October 9, 2009 the Court entered a stay of proceedings in this action to allow the additional travel planning in accordance with the appeal decision on the ROD and proposed action described in the preceding paragraph.

29. In April 2010, Defendants published an Environmental Assessment (herein the "EA") with respect to the proposed action published in August, 2009. The EA contained a total of three (3) distinct alternatives to be analyzed in detail, including the legally-required "no action" alternative. Alternative A, the "no action" alternative, would maintain the system of roads, trails, and areas open to motorized vehicles as designated by the ROD. Alternative B would have increased road and motorized trails mileage in the Big Creek and Yellow Pine area from that designated by the ROD, and in particular would have designated some, but not all, all of the roads identified in paragraph 1 of this *Amended Complaint* as open to motorized travel. Alternative B was identified as the proposed action. Alternative C would have provided for more open roads and motorized trails than Alternative B.

30. The FONSI was released on April 26, 2010. The FONSI adopted Alternative A identified in the EA - the so-called "no action alternative." The effect of the FONSI is to prohibit motorized travel on the roads identified in paragraph 1 of this *Amended Complaint*. This prohibition was based on a finding that the administrative "status quo" preceding the FONSI was that the routes were "closed" to vehicle travel by the general public.

31. Schwarzhoff timely appealed the FONSI under 36 C.F.R. part 215. On July 27, 2010, the Appeal Deciding Officer, Rainville, issued a decision affirming the FONSI and rejecting all appeals. The Appeal Deciding Officer indicated that her decision was based, in part, on "the fact that the purpose and need for the project was to conduct further site-specific analysis . . . [and] the District Ranger was not able to address this issue to the degree that he would have liked.." The appeal decision further stated that the further evaluation promised by the USFS made it unnecessary to reverse or remand the FONSI. The appeal decision directs that the "District Ranger . . . reanalyze the routes in the project area with a more collaborative public involvement." The July 2010 appeal decision constitutes the final administrative determination of the U.S. Department of Agriculture and USFS regarding the issues encompassed in the FONSI.

32. The stay of proceedings in this action was vacated by the Court by Order issued December 17, 2010.

**COUNT ONE: VIOLATIONS OF NFMA**

33. Plaintiffs hereby incorporate by reference each statement and allegation previously made.

34. NFMA requires Defendants, in project planning, to make "[f]indings and conclusions that describe historic conditions [and] current status" of the forest system, roads, trails and areas. 36 C.F.R. § 219.5(a)(1). With respect to any site-specific or local analysis, NFMA requires Defendants to describe "current conditions" of the local system, roads, trails and areas. 36 C.F.R. § 219.5(b)(3).

35. The ROD and FONSI fail to properly identify the historic conditions and current status of the PNF in that the ROD and FONSI described the "status quo" of the roads identified in paragraph 1 of this *Amended Complaint* as closed to motorized travel. This error materially affected Defendants' analysis and selection of alternatives and the ultimate administrative action.

36. The ROD and FONSI contain prohibitions and restrictions on motorized vehicles which either fail to acknowledge or rationally apply the Travel Management Rule criteria in that there is not proper consideration of effects on natural and cultural resources, public safety, provision of recreational opportunities, and access needs.

37. Defendants' actions described above are made reviewable through the APA and are arbitrary, capricious, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; short of statutory right; or otherwise in violation of the APA, 5 U.S.C. § 706 (2), and should therefore be declared unlawful and set aside by this Court.

38. Plaintiffs have exhausted all administrative remedies required by law in order to seek relief from Defendants' actions addressed in this claim for relief.

39. Plaintiffs have suffered, and will continue to suffer, harm and injury to their legal interests arising from and associated with their use and enjoyment of the PNF as a result of the allegations contained in this claim for relief, and these injuries will go unredressed absent judicial relief.

**COUNT TWO: VIOLATIONS OF NEPA**

40. Plaintiffs hereby incorporate by reference each statement and allegation previously made.

41. NEPA imposes a mandatory procedural duty on federal agencies to consider a reasonable range of alternatives in an EIS and/or EA. 40 C.F.R. § 1502.14. The alternatives section is considered the "heart" of an EIS and/or EA. *Id.* A NEPA analysis is invalidated by the existence of a viable but unexamined alternative. A NEPA analysis is invalidated by the improper identification of the no-action alternative.

42. Defendants improperly determined that numerous roads in the Big Creek/Yellow Pine area, specifically those identified in paragraph 1 of this *Amended Complaint*, were previously closed to motorized travel.

43. Defendants improper finding that roads in the Big Creek/Yellow Pine area were closed to motorized travel resulted in legal violations and/or improperly infected the ROD and FONSI analyses in that (a) Defendants improperly defined the "no action" alternative so as to "close" the roads identified in paragraph 1 of this *Amended Complaint*, even though they were open to all motorized travel until issuance of the ROD, and (b) Defendants improperly refused to consider viable alternatives to the proposed action, namely one or more alternatives that would have allowed the roads identified in paragraph 1 of this *Amended Complaint* to remain open to motorized travel, or some variation(s) of those roads or limited restrictions (such as season of use, vehicle type, use quotas) that would have allowed for some access to at least some of those roads.

44. Defendants failure to properly characterize the administrative status quo of the roads identified in paragraph 1 of this *Amended Complaint* as open to all motorized travel affected the analysis and decision-making result reflected in the ROD and FONSI. As a result of these errors, Defendants conducted no NEPA analysis to determine the environmental and other effects of closing roads that had long been open and maintained for all motorized travel.

45. Defendants' failure to include one or more viable alternatives to the proposed action precluded full and proper public review and comment upon those alternatives.

46. The term "effects" is defined broadly in NEPA to include not only effects on natural resources, but also "aesthetic, historic, cultural, economic, social, or health, whether direct, indirect, or cumulative." 40 C.F.R. § 1508.8. "Cumulative impact" is also a defined term, referring to "the impact on the environment which results from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions….Cumulative impacts can result from individually minor but collectively significant actions taking place over a period of time." *Id.* at § 1508.7.

47. The communities in the PNF, and more specifically the Big Creek/Yellow Pine area, are struggling to remain viable. In Yellow Pine, year-round occupation is possible only with some meaningful connection to, and support from, the "outside world." Historically dominant uses such as mining and timber harvest have been dramatically reduced, and the remaining handful of businesses in the Big Creek/Yellow Pine area depend heavily, if not entirely, on tourism-related traffic to and through their communities.

48. The ROD and FONSI closure decision, individually and cumulatively with prior decisions and actions, threaten the continued viability of Big Creek/Yellow Pine business operations. These prior decisions include restrictions on commodity-related uses on the PNF, forest health and fire management decisions which have complicated access to the area, and have led to reduced recreational opportunities.

49. The above-described impacts, in conjunction with the ROD and FONSI, have cumulative impacts that place an undue strain on the viability of Big Creek/Yellow Pine businesses

and residents.

50. The ROD and FONSI fail to adequately disclose and analyze these socioeconomic effects and impacts, both as tied to the ROD and FONSI themselves, and in light of past, present and reasonably foreseeable future actions.

51. These present and cumulative socioeconomic effects, in conjunction with potential effects to the physical environment and/or other aspects of the human environment, constitute "significant" effects that should be analyzed in a more comprehensive planning process in compliance with NEPA.

52. In applying NEPA, agencies are prohibited from segmenting projects that result in insignificant impacts into small parts for separate NEPA analysis.

53. There was no logical reason for excluding analysis of the roads identified in paragraph 1 of this *Amended Complaint* from the larger NEPA planning process reflected by the ROD, and therefore the ROD reflects an improper, illegal, deficient and segmented NEPA analysis.

54. In applying NEPA, agencies are prohibited from making decisions conditionally on future studies or analysis. In its NEPA planning and analysis process, an agency may not avoid public discussion of effects and alternatives by deferring part of the project planning for future action.

55. Defendants' promise to conduct further planning is an unsatisfactory remedy because such further planning proceeds from the assumption that the roads in question were closed prior to the ROD. Defendants must now conclude there is a reason to "open" (or "reopen") those roads, as opposed to performing the yet-to-be performed analysis that there is a reason to "close" currently open roads.

56. The ROD and FONSI make PNF-wide travel management decisions conditioned upon future study or analysis, and defer parts of the PNF travel planning for future action so as to avoid present public discussion. By reason of these circumstances, both the ROD and FONSI are voidable.

57. Defendants' actions described above are made reviewable through the APA and are arbitrary, capricious, or otherwise not in accordance with law; contrary to constitutional right, power, privilege or immunity; in excess of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; short of statutory right; or otherwise in violation of the APA, 5 U.S.C. § 706 (2), and should therefore be declared unlawful and set aside by this Court.

58. Plaintiffs have exhausted all administrative remedies required by law in order to seek relief from Defendants' actions addressed in this claim for relief.

59. Plaintiffs have suffered, and will continue to suffer, harm and injury to their legal interests arising from and associated with their use and enjoyment of the PNF as a result of the allegations contained in this claim for relief, and these injuries will go unredressed absent judicial relief.

## REQUEST FOR RELIEF

**WHEREFORE**, having alleged the above-described violations of law, Plaintiffs respectfully request judgment in their favor on each or any claim alleged herein, and request that the Court rule, adjudge, and grant relief as follows:

A. Declare unlawful, void and set aside the ROD and FONSI;

B. Remand the matters addressed in the ROD and FONSI for further analysis and action in accordance with applicable law;

C. Award the Plaintiffs their reasonable fees, costs, and expenses of litigation as allowed

by the Equal Access to Justice Act, 28 U.S.C. § 241 *et seq.* and other applicable law or rule of court; and

D. Grant such further and additional relief as the Court deems just and proper.

**DATED** this 30th day of December, 2010.

RINGERT LAW CHARTERED

by:____/s/__________________________
Daniel V. Steenson
David P. Claiborne

## CERTIFICATE OF SERVICE

______I hereby certify that a true and correct copy of the foregoing document was served on the following on this 30th day of December, 2010 by the following method:

**DEBORAH A. FERGUSON**
**U.S. ATTORNEY'S OFFICE**
Washington Group Plaza IV
800 Park Boulevard, Ste. 600
Boise, ID 83712-9903
Telephone: (208) 334-1211
Facsimile: n/a
E-Mail: deborah.ferguson@usdoj.gov
*Attorneys for Defendants*

[__] U.S. First Class Mail, Postage Prepaid
[__] U.S. Certified Mail, Postage Prepaid
[__] Federal Express
[__] Hand Delivery
[__] Facsimile
[_X_] Electronic Mail or CM/ECF

____/s/__________________________
Daniel V. Steenson
David P. Claiborne