UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Village of Yellow Pine Association, Idaho Recreation Council, Chris Schwarzhoff, Lois Schwarzhoff, and Big Creek Lodge and Outfitters,<br>Plaintiffs,<br><br>v.<br><br>United States Forest Service, Payette National Forest, and Suzanne C. Rainville, Forest Supervisor<br>Defendants. | Case No. 1:09-cv-275-EJL<br><br>**MEMORANDUM ORDER ON DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

Pending before the Court in the above-entitled matter is Defendants United States Forest Service, Forest Supervisor of Payette National Forest, and District Ranger of the Krassel Ranger District of Payette National Forest's Motion to Dismiss the Village of Yellow Pine Association and Big Creek Lodge and Outfitters. The Motion to Dismiss is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented

MEMORANDUM ORDER - 1

in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs bring their claims under the Administrative Procedure Act, 5 U.S.C. § 551, et seq. ("APA") alleging Defendants violated the National Forest Management Act, 16 U.S.C. § 1600, et seq. ("NFMA") and the National Environmental Policy Act, 42 U.S.C. § 4331, et seq. ("NEPA"). (Dkt. No. 26.) Plaintiffs argue that each of these violations stem from an allegedly defective decisional process associated with Defendants' attempt to comply with a Final Rule entitled "Travel Management; Designated Roads and Areas for Motor Vehicle Use" ("Travel Management Rule"). 70 Fed.Reg. 68264-68291 (Nov. 9, 2005). The Travel Management Rule requires the USFS to designate "those roads, trails and areas that are open to motor vehicle use...and will prohibit the use of motor vehicles off the designated system, as well as use of motor vehicles on routes and in areas that is not consistent with these designations." Plaintiffs argue that Defendants, in designating which roads are open or closed to motorized access, have violated the aforementioned statutes by failing to provide a genuine "No Action" alternative to the chosen course of action, to adequately consider the "socioeconomic effects and impacts" of the challenged administrative decision, and by erroneously

characterizing the "historic conditions and currents status of" the Payette National Forest ("PNF") as closed to motorized travel.

On October 4, 2004, Defendants published a "Notice of Intent" which notified the public of their decision to engage a public planning process to determine how to manage motorized recreational access to the PNF. (Dkt. No. 31.). The United States Forest Service ("USFS") subsequently published the Travel Management Rule, which required designation of certain "roads, trails and areas that are open to motor vehicle use" and prohibited any use of motor vehicle use off of those roads, trails, and areas so designated. 70 Fed.Reg. 68264-68291 (Nov. 9, 2005). To facilitate the process provided for in the "Notice of Intent," in February of 2006, Defendant published a legal notice of opportunity to comment on a Draft Environmental Impact Statement ("DEIS"), which outlined a number of proposed alternatives to gain compliance with the Travel Management Rule by designating certain roads in the PNF as open to motorized access. (Dkt. No. 31.) After receiving public comment on the DEIS, Defendants subsequently issued a "Final Environmental Impact Statement" ("FEIS") for the PNF Travel Management Plan in April of 2007. *Id.* The FEIS recommended adoption of one of several plans to designate certain "roads, trails, and areas" as open or closed to motorized access. *Id.*

On October 3, 2008, Defendant issued a Record of Decision ("2008 ROD") which adopted a version of the preferred alternative outlined in the FEIS. *Id.* Defendants acknowledge that all Plaintiffs timely filed appeals of the 2008 ROD. (Dkt. No. 28.) The

Appeals Deciding Officer rejected all of these appeals. (Dkt. No. 31.) However, he indicated that his decision was based in part on "the Forest Supervisor's commitment to further evaluate the concerns raised by appellants regarding the decision to not include certain roads and trails in the Big Creek/Yellow Pine area in the designation for motor vehicle use." *Id.* The Forest Supervisor concluded that such further evaluation "be completed and a decision issued not later than March of 2010 so that no more than one summer season is affected." *Id.*

Thereafter, on June 6, 2009, five plaintiffs filed the initial Complaint with this Court, which challenged the 2008 ROD and sought declaratory and injunctive relief as well as attorney fees and costs. (Dkt. No. 1.) Plaintiff Village of Yellow Pine Association ("Yellow Pine") is an Idaho unincorporated association of approximately 100 members, including local business persons, property owners, and residents of Yellow Pine, Idaho. (Dkt. No. 26.) Plaintiff Idaho Recreation Council is an Idaho nonprofit corporation which represents mechanized and nonmechanized recreation interests, such as the Idaho Off-Road 4x4 Club and the Treasure Valley Trail Machine Association, among others. *Id.* Plaintiffs Chris and Lois Schwarzhoff (the "Schwarzhoffs"), husband and wife, have recreated on the trails of the Krassel Ranger District since 1990. *Id.* Plaintiff Big Creek Lodge and Outfitters, Inc. ("Big Creek") is a private business which has and continues to provide food, lodging, and outfitting services in the Big Creek drainage. *Id.*

After the original Complaint was filed, in April of 2010, Defendant issued a "Decision Notice and Finding of No Significant Impact" ("2010 DN/FONSI"). (Dkt. No. 31.) The 2010 DN/FONSI was issued after Defendants undertook to "analyze designations on the Payette National Forest - Motor Vehicle Use Map published in 2009, and to consider additional designations for motorized use and closure of roads and trails to motorized use." *Id.* The 2010 DN/FONSI selected the "No Action" alternative, choosing to maintain the designation of roads and trails established under the 2008 ROD. *Id.* However, the Forest Supervisor was careful to note that "[m]y decision to select the No Action Alternative does not address the public desire for more motorized trail designations in the project area...I would like to proceed from here by re-analyzing the routes in the project area with more collaborative public involvement...The need for open discussions regarding adding motorized routes to the system and road decommissioning with affected parties is necessary." *Id.* Big Creek concedes that it failed to appeal the 2010 DN/FONSI as provided for in 36 C.F.R. § 215.11 (2005). (Dkt. No. 29.) Yellow Pine also concedes that it, as an organization, failed to do so as well even as several individual members of Yellow Pine did timely appeal the 2010 DN/FONSI. *Id.*

After the 2010 DN/FONSI was issued, Plaintiffs filed an Amended Complaint, on December 30, 2010, which alleged that *both* the 2008 ROD and the 2010 DN/FONSI violated NFMA and NEPA. (Dkt. No. 26.) Because Yellow Pine and Big Creek had failed to appeal the 2010 DN/FONSI, Defendants have filed this Motion to Dismiss Big

Creek and Yellow Pine from the case, arguing that they have failed to exhaust administrative remedies. (Dkt. No. 28.) It is that Motion which is the basis for this Order.

**STANDARD OF REVIEW**

"A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint." *Schimsky v. United States Office of Personnel Management*, 2010 WL 5024916, at *2 (S.D. Cal. October 18, 2010) (citing *Navarro v. Black*, 250 F.3d 729, 731 (9th Cir. 2001)). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). The court does not necessarily assume the truth of legal conclusions merely because they are cast in the form

of factual allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, *supra*. There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)).

## DISCUSSION

Defendants' Motion seeks to dismiss Yellow Pine and Big Creek from this action pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that they have failed to exhaust administrative remedies. (Dkt. No. 28.) Yellow Pine and Big Creek argue that they exhausted administrative remedies and, alternatively, that this Court should excuse their failure to exhaust because appealing the 2010 DN/FONSI would have been futile.

**1. Finality**

Under the APA, an administrative decision can only be subject to judicial review once the decision is "final." *See* 5 U.S.C. § 704; *Clouser v. Espy*, 42 F.3d 1522, 1531-32 (9th Cir. 1994) "To be considered 'final,' the agency action (1) should 'mark the

consummation of the agency's decision-making process,' and (2) 'be one by which rights or obligations have been determined or from which legal consequences flow." *Central Delta Water Agency v. United States Fish and Wildlife Serv.*, 653 F.Supp.2d 1066, 1091 (E.D. Cal. 2009) (citing *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)). Both conditions must be satisfied for agency action to be final. *Id.* In determining whether a decision is "final," "[t]he core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Id.* (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)). "Certain factors provide indicia of finality, such as whether 'the action amounts to a definitive statement of the agency's position,' whether the action 'has a direct and immediate effect on the day-today operations of the party seeking review, and whether 'immediate compliance with the terms is expected.'" *Id.* (quoting *Oregon Natural Desert Ass'n v. United States Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006)). Finality is a jurisdictional requirement. *Lujan v. National Wildlife Fed.*, 497 U.S. 881, 882 (1990).

Analyzed under the above criteria, the 2010 DN/FONSI is clearly a "final" agency action. First, the 2010 DN/FONSI "consummated" the decision-making process- no subsequent decisions have been issued and no additional action was required of the agency. Second, legal "rights or obligations" flow from the decision. Specifically, the 2010 DN/FONSI had the effect of permanently designating certain "roads, trails and areas

[as] open to motor vehicle use." Because the 2010 DN/FONSI is a "final" agency action, it is appropriately subject to judicial review.

In contrast, the 2008 ROD did not mark the consummation of the decision-making process and so cannot be considered a "final" agency action. Rather, the 2008 ROD was the beginning, but not the end, of a single decision-making process that culminated in the issuance of the 2010 DN/FONSI. This conclusion is supported by the fact that the Forest Supervisor in the 2010 DN/FONSI specifically noted that the 2008 ROD contemplated an on-going decisional process with respect to route designations, indicating that "[t]he Krassel Ranger District received direction in the 2008 ROD to conduct further site-specific analysis to identify ways to possibly designate additional motorized routes in the area." (Dkt. No. 31.) Indeed, the Forest Supervisor further indicated in the 2010 DN/FONSI that the purpose of the 2010 DN/FONSI "was to analyze designations on the PNF - Motor Vehicle Use Map published in 2009" - designations which were established in the 2008 ROD. *Id.* Finally, the Forest Supervisor indicated the tentative nature of the route designations made in the 2008 ROD, promising that "I...will identify ways to possibly designate some of the routes in the near future." *Id.* Given the clear and repeated representations of the decisional process regarding route designations in the PNF as tentative and ongoing, this Court finds that the 2008 ROD did not mark the consummation of the decision-making process and so could not be considered a "final

agency action." As a consequence, only the 2010 DN/FONSI is the final agency action subject to judicial review in this case.

**2. Exhaustion**

Having concluded that the 2010 DN/FONSI is the final agency action, the Court next considers whether the Plaintiffs have exhausted their administrative remedies with respect to that agency action. It has long been recognized that "a plaintiff must exhaust administrative remedies prior to filing a claim for judicial review in federal court when required by statute." *Sierra Club v. Dombeck*, 161 F.Supp.2d 1052, 1065-66 (D. Ariz. 2001) (citing *Darby v. Cisneros*, 509 U.S. 137, 154 (1993)). Here, the relevant exhaustion statute provides that "[n]otwithstanding any other provision of law, *a person shall exhaust all administrative appeal procedures* established by the Secretary or required by law before the person may bring an action in a court of competent jurisdiction against (1) the Secretary; (2) the Department; or (3) an agency, office, or employee of the Department." 7 U.S.C. § 6912(e) (emphasis added). Such "appeal procedures" have been established in 36 C.F.R. § 215.11 (2005), which indicates that *both* a Record of Decision as well as a subsequent "new [decision notice] after revision of an environmental assessment" are "subject to appeal under this part." 36 C.F.R. § 215.11 (2005).

It is undisputed that Yellow Pine and Big Creek did not appeal the 2010 DN/FONSI. (Dkt. No. 29.) Given the clear requirement that "a person shall exhaust all administrative appeal procedures" prior to bringing suit under 7 U.S.C. § 6912(e), and

that a "decision notice" is "subject to appeal," 36 C.F.R. § 215.11 (2005), Yellow Pine and Big Creek's failure to appeal the 2010 DN/FONSI precludes them from challenging that agency action. This Court's determination that Yellow Pine and Big Creek failed to exhaust administrative remedies for the 2010 DN/FONSI means that these parties must be dismissed from this action unless the exhaustion requirement of 7 U.S.C. § 6912(e) can be excused.

### 2. Futility

Plaintiffs finally argue that, even if they had failed to exhaust administrative remedies, exhaustion should be excused as futile. (Dkt. No. 29.) Specifically, Plaintiffs claim that the "agency's position was already set," as the Defendant"offer[ed] no evidence that [Plaintiffs'] appeals would have been treated any differently had they been sought in the name of their association." *Id.* Plaintiffs also suggest an appeal by Big Creek Lodge would have been similarly futile, arguing that "Defendants present[ed] no evidence that the appeal issues would have been treated any differently had Big Creek Lodge filed an administrative appeal." *Id.*

Worth noting is Plaintiffs' reliance on *Wright v. Inman* for the existence of a futility exception to 7 U.S.C. § 6912(e). It is true that, in that case, the District Court determined that exhaustion under § 6912(e) may be excused "[w]here the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be...." *Wright v. Inman*, 923 F.Supp. 1295, 1298

MEMORANDUM ORDER - 11

(D.Nev.1996). Whether or not the futility exception exists in the Ninth Circuit is unclear. *See, e.g., Fones4All Corp.,* 550 F.3d at 818; *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[W]e stress the point...that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Regardless, even if the Court applied the futility exception here, it is clear that appealing the 2010 DN/FONSI would not have been futile under the *Wright* standard. Plaintiffs allege nothing which would suggest that the Agency's position was "already set," except that there is "no evidence that [Plaintiffs'] appeals would have been treated any differently had they been sought in the name of their association." (Dkt. No. 29.) While it is true that Defendants have not offered such affirmative evidence, allocating the burden to the defendants would be at odds with the consistent determination by courts, where a futility exception is recognized to exist, that the burden of demonstrating futility is on the party asserting futility as an exception to an exhaustion requirement. *See*, *e.g.*, *Ruecker v. Sommer*, 567 F.Supp.2d 1276, 1291 (D.Or. 2008) ("The party asserting an exception [to an exhaustion requirement] bears the burden of proof on this issue.")

Further, rather than proving futility, the record suggests that Defendants were actively seeking additional public involvement in what was an on-going decision-making process. For example, in the 2010 DN/FONSI, the Appeal Deciding Officer explicitly

communicated his willingness to work with the Plaintiffs when he indicated "I would like to proceed from here by re-analyzing the routes in the project area with more collaborative public involvement." (Dkt. No. 31.) He further suggested that "[t]he need for open discussions regarding adding motorized routes to the system and road decommissioning with affected parties is necessary." *Id.* This clear willingness to reconsider its prior positions demonstrates that the Defendants' position was not "already set." As a result, this Court cannot find that appeal of the 2010 DN/FONSI would have been futile. As such, the Court will grant Defendant's Motion to Dismiss Plaintiffs Yellow Pine and Big Creek.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Federal Defendants' Motion to Dismiss Plaintiffs Village of Yellow Pine Association and Big Creek Lodge and Outfitters, (Dkt. No. 28.) is **GRANTED,** pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: **July 25, 2011**

Honorable Edward J. Lodge
U. S. District Judge