IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALLEY COUNTY, IDAHO<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>Defendants. | Case No. 1:11-CV-233-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it three motions. They are fully briefed and at issue. For the reasons explained below, the Court will (1) deny the Forest Service's motion to dismiss, (2) deny American Independence Mines and Minerals Company's (AIMMCO's) motion to intervene, and (3) grant Valley County's motion to consolidate.

## LITIGATION BACKGROUND

Plaintiff Valley County brought this suit under NEPA to challenge the Forest Service's EIS and ROD approving a system of roads and trails in the Payette National Forest. Valley County alleges that the Forest Service violated NEPA by failing to consider the full environmental impact of its decision to close roads.

About two years before this case, AIMMCO filed a similar challenge to the same EIS and ROD, and the case was assigned to Judge Lodge in this District. *See AIMMCO v U.S.*, 733 F. Supp.2d 1241 (D.Id. 2010). In the *AIMMCO* action, Judge Lodge ruled on

**Memorandum Decision & Order - 1**

two pending motions. The first was a motion to dismiss filed by the Forest Service arguing that AIMMCO lacked standing; Judge Lodge granted that motion. *Id*. at 1252. The second was a motion to intervene filed by Valley County. Judge Lodge also granted that motion, holding that Valley County had standing to challenge the Forest Service's EIS and ROD under NEPA, but also holding that because the plaintiff AIMMCO had been dismissed, Valley County must file a separate action. *Id*. at 1267.

Valley County responded by filing this action. The Forest Service has filed a motion to dismiss, alleging that Valley County lacks standing. In response, Valley County abandons the line of reasoning used by Judge Lodge and pursues a different analysis to establish its standing. In addition, Valley County seeks to consolidate this case with yet another similar case pending before Judge Lodge, and AIMMCO seeks to intervene in this action. The Court will consider each motion separately below.

## ANALYSIS

### Motion to Dismiss

To demonstrate standing, Valley County must show: (1) An actual or threatened injury as a result of alleged misconduct by the Forest Service; (2) the injury or threatened injury is fairly traceable to the Forest Service's alleged action; and (3) it is likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). For purposes of ruling on a motion to dismiss for want of standing, this Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of Valley County. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Valley

**Memorandum Decision & Order - 2**

County cannot satisfy the "injury in fact" element of the test simply by demonstrating that the Forest Service caused injury to a cognizable interest. *Lujan*, 504 U.S. at 563. Instead, Valley County must be among the entities injured. *Id*.

The requisite weight of proof for each element of the test for standing is lowered for "procedural standing," i.e., standing based on a plaintiff's procedural injury. *Churchill County v. Babbitt*, 150 F.3d 1072, 1077 (9th Cir. 1998), amended by 158 F.3d 491 (9th Cir. 1998), abrogated on other grounds by *Wilderness Soc. v. U.S.F.S.*, 630 F.3d 1173 (9th Cir. 2011). A plaintiff may claim procedural standing when, for example, it seeks "to enforce a procedural requirement the disregard of which could impair a concrete interest of [the plaintiff's]." *Id*. To establish procedural standing, the plaintiff must show: (1) It has been accorded a procedural right to protect its concrete interests, and (2) it has a threatened concrete interest that is the ultimate basis of its standing. *Id.*

The plaintiff must establish the "reasonable probability" of the challenged action's threat to its concrete interest. *Churchill County*, 150 F.3d at 1078. While the strict pleading requirements of *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) do not apply to the standing analysis on a motion to dismiss under Rule 12(b)(1), the plaintiff cannot engage in an "'ingenious academic exercise in the conceivable' to explain how defendants' actions caused his injury." *Maya v Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *U.S. v. SCRAP*, 412 U.S. 669, 689–90 (1973)).

The Forest Service does not dispute that NEPA gives Valley County a procedural

right to protect its concrete interests,[1] but focuses instead on the second requirement, arguing that Valley County has failed to identify a concrete interest that is threatened by its road and trail plan. The concrete interest required for procedural standing has been identified in a trilogy of NEPA cases from the Ninth Circuit.

In the first case, *Douglas County v. Babbitt*, 48 F.3d 1495, 1500 (9th Cir.1995), a county had standing to challenge under NEPA an agency's decision to designate critical habitat for an endangered species without preparing an EIS. The county alleged that this designation could affect "the productivity and environment" of adjoining county lands because it failed "to properly manage for insect and disease control and fire." *Id*. at 1501. These allegations, the Circuit held, were sufficient to confer standing:

> These statements describe concrete, plausible interests, within NEPA's zone of concern for the environment, which underlie the County's asserted procedural interests. It is logical for the County to assert that its lands could be threatened by how the adjoining federal lands are managed. It is uncertain whether the findings of an EIS would affect the Secretary's critical habitat designation and when the adjacent county lands would actually be harmed. But under *Lujan*, those concerns are not important: "The person who has been accorded a procedural right to protect his concrete interests can assert the right without meeting all the normal standards for redressibility and immediacy." *Lujan*, 112 S.Ct. at 2142 n. 7.

*Id*. In the second case, *Churchill County*, the plaintiffs, a city and county, alleged that a water rights acquisition plan would "adversely affect both their land and their ability to

---

[1] The first requirement of procedural standing is met if the plaintiff is bringing a NEPA challenge and satisfies NEPA's requirement, set forth in 42 U.S.C. § 4332(2)(C), that it be a local agency authorized by state law to develop and enforce environmental standards. *See Douglas County*, 48 F.3d 1495, 1501 (9th Cir. 1995). Valley County is such a local agency because it is authorized by Idaho law to develop land management plans. *See* Idaho Code § 67-6508(f) & (I).

**Memorandum Decision & Order - 4**

make plans for and to protect local drinking water." *Id.* at 1501. This was enough to confer standing because the plaintiffs had alleged that "implementation of the Plan threatens their concrete interests in land and water management." *Id.* at 1080. Similarly, in the third case, *City of Las Vegas, Nev. v. F.A.A.*, 570 F.3d 1109, 1114 (9th Cir. 2009), a city had procedural standing under NEPA to challenge an FAA flight plan "because the proposed departure path directs flights over densely populated parts of the city, which threatens the city's interests in the environment and in land management."

In all three cases, procedural standing was conferred – at least sufficient to overcome a motion to dismiss – by allegations that plaintiff's adjoining lands would suffer environmental harm because the federal agency violated NEPA. In this case, many of the roads affected by the EIS and ROD at issue are in Valley County. *AIMMCO*, 733 F.Supp. 2d at 1253-54. The County alleges that the EIS's No Action Alternative "falsely treated" as closed hundreds of roads that had been open to public use. *See Complaint (Dkt. No. 1)* at ¶ 128. By wrongly assuming that these roads had already been closed, the No Action Alternative concluded that it was proposing nothing new and hence found no need to consider the environmental impacts of closing these roads. *Id.* at ¶¶ 139-42. Yet it *was* proposing something new, and there will be an environmental impact, alleges Valley County: As maintenance ceases on these now-closed roads, those that are unpaved will erode and the sediment will wash into creeks causing environmental damage. *Id.* at ¶¶ 140-42. The failure of the No Action Alternative to evaluate this environmental damage "masked the extent of environmental . . . impact of the federal

**Memorandum Decision & Order - 5**

action and resulted in restricting the scope of analysis undertaken in the NEPA process." *Id*. at ¶ 139.

These allegations align Valley County's complaint with the trilogy of cases discussed above. Valley County is alleging that the Forest Service underestimated the environmental damage of its action. It does not take an "ingenious academic exercise" to see how poor water quality in the Payette National Forest could cause environmental damage to adjoining Valley County lands and waterways, especially given the fact that Valley County lies up against, and extends into, the Forest. Like the *Douglas County* case, it is at least reasonably conceivable that the management of federal land could cause environmental damage to adjoining land of the plaintiff. While the precise nature of the damage was not defined, *Iqbal* does not apply, as discussed above, and the allegations of the complaint, although general, are sufficient.[2]

In addition to the procedural injury, Valley County must also meet the statutory requirements for standing under the Administrative Procedure Act (APA), 5 U.S.C. § 702, by establishing that there is a final agency action adversely affecting the County, and that, as a result, it suffers injury within the "zone of interests" of the statutory provision it seeks to enforce – in this case, NEPA. *City of Las Vegas,* 570 F.3d at 1114. Valley County satisfies these requirements because (1) the Forest Service's ROD/FONSI is a

---

[2] Each element of standing "must be supported . . . with the manner and degree of evidence required at the successive stages of the litigation." *Lujan,* 504 U.S. at 561. Standing may be challenged at any time, and the Court's ruling here does not foreclose the Forest Service from bringing another challenge after discovery on this issue has closed. *Id*.

**Memorandum Decision & Order - 6**

final agency action that adversely affects the County, and (2) Valley County alleges a concrete injury to its interests in the environment which falls within the zone of interests of NEPA. *Id*.

For all of these reasons, the Court will deny the Forest Service's motion to dismiss.

**Motion to Consolidate**

Valley County seeks to consolidate this case with *Yellow Pine v U.S.* Case No. 1:CV-09-275-EJL. Both cases challenge the same action by the Forest Service and both involve the same administrative record. Consolidation would avoid the potential for conflicting decisions by two different judges.

While the plaintiffs in *Yellow Pine* have no objection to consolidation, the Forest Service objected on the ground that the Court had not yet ruled on its motion to dismiss. Now that the Court has denied that motion above, the Court finds that the two cases should be consolidated and will grant Valley County's motion.

**Motion to Intervene**

AIMMCO has moved to intervene in this case, and its proposed complaint in intervention raises essentially the same claims that it raised in Judge Lodge's case. Once again, it seeks a declaration that the Final EIS and ROD are invalid under NEPA and asks the Court to order the agency to prepare a new road plan based on a revised EIS. The Forest Service objects to the intervention, arguing that AIMMCO's lack of standing – as found by Judge Lodge – precludes intervention.

In this Circuit, an applicant for intervention need not establish Article III standing

Memorandum Decision & Order - 7

to intervene. *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011). This does not mean, however, that AIMMCO's lack of standing to pursue its own action is irrelevant. If AIMMCO is allowed to intervene on Valley County's side, and Valley County is later dismissed or settles out, AIMMCO must at that time demonstrate that it has standing to continue to pursue the litigation. *Diamond v. Charles*, 476 U.S. 54 (1986). AIMMCO will be unable to do so because Judge Lodge's decision establishes that it has no independent standing to pursue its own action, and that decision is entitled to preclusive effect here. *See Salahuddin v. Jones,* 992 F.2d 447, 449 (2nd Cir. 1993) (holding that court may, sua sponte, give preclusive effect to decision from court in the same district against identical party on same issue). That means that if AIMMCO is allowed to intervene, it will have no greater or different rights than Valley County. If Valley County is dismissed, AIMMCO must also be dismissed. If Valley County settles with the Forest Service on terms unfavorable to AIMMCO, and drops out of the case, AIMMCO cannot continue to pursue this action to seek its own relief.

Given this identity between AIMMCO and Valley County, AIMMCO cannot make the showing required for intervention as of right that its interest is not adequately protected by Valley County – AIMMCO has no protectable interest beyond that possessed by Valley County. *See Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (holding that to intervene as of right, the "applicant's interest must not be adequately represented by existing parties"). The Court therefore rejects AIMMCO's motion to intervene as of right.

**Memorandum Decision & Order - 8**

With regard to AIMMCO's request for permissive intervention, the Court may now consider its lack of standing. *Perry*, 630 F.3d at 905 (holding that when exercising its "broad discretion" to allow permissive intervention, a court may consider the proposed intervenor's "standing to raise relevant legal issues"). AIMMCO's lack of standing leads the Court to reject its request for permissive intervention.

For all of these reasons, the Court will deny AIMMCO's motion to intervene.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 6) is DENIED.

IT IS FURTHER ORDERED, that the motion to intervene (docket no. 9) is DENIED.

IT IS FURTHER ORDERED, that the motion to consolidate (docket no. 8) is GRANTED and that *Yellow Pine v U.S.* Case No. 1:CV-09-275-EJL be consolidated with this case; that this case (*Valley County v. U.S.* Case No. 1:CV-11-233-BLW) be deemed the lead case and that all future filings be in this case; that the case number of the *Yellow Pine* case be changed from EJL to BLW; and that this decision be sent to the plaintiffs in the *Yellow Pine* case.

DATED: **February 15, 2012**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 10**