IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VALLEY COUNTY, IDAHO<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>    Defendants. | Lead Case No.  1:11-CV-233-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| VILLAGE OF YELLOWPINE ASSOCIATION; IDAHO RECREATION COUNCIL; CHRIS and LOIS SCHWARZHOFF; BIG CREEK LODGE AND OUTFITTERS;<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES FOREST SERVICE; PAYETTE NATIONAL FOREST; Suzanne C. Rainville, Forest Supervisor;<br><br>    Defendants. | Member Case No.  1:09-CV-275-BLW |

## INTRODUCTION

The Court has before it a motion to alter or amend filed by defendant Valley County. The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion.

**Memorandum Decision & Order - 1**

## ANALYSIS

Valley County seeks reconsideration of the Court's order granting summary judgment to the Forest Service on all claims. Valley County claims that because the Forest Service never filed a motion for summary judgment against it, the Court improperly awarded the summary judgment.

This litigation concerns a dispute over roads in the Big Creek-Yellow Pine area of the Payette National Forest ("PNF"). It involves two consolidated cases, the first one filed by plaintiffs Idaho Recreation Council (IRC) and Chris and Lois Schwarzhoff, and the second one filed by Valley County. Both allege that the Forest Service violated federal statutes in closing roads. The IRC plaintiffs focused on roads within Management Area 13 (MA-13) while Valley County focused on roads within Valley County (that were inside and outside of MA-13).

The IRC filed a motion for summary judgment, and Valley County joined in that motion. The Government then filed a "Memorandum," without a separate motion, stating in its initial paragraph the following:

> The Defendants in *Yellow Pine v. U.S. Forest Service*, No. 1:CV-09-275-BLW and *Valley County v. U.S. Forest Service*, No. 1:CV-11-233-BLW, hereby submit the following response to Plaintiffs' Chris and Lois Schwartzhoff and Idaho Recreation Council, Motion for Summary Judgment (ECF No.35) and the Memorandum in Support of Plaintiffs' Motion for Summary Judgment (ECF No. 35-1) (cited as "Pls.' Mem."), and pursuant to Rule 56 of the Federal Rules of Civil Procedure request that this Court enter judgment in favor of Defendants *on all of Plaintiffs' claims*.

*See Defendant's Memorandum (Dkt. No. 43)* at p. 1 (emphasis added).

The italicized portion of the quote led the Court to assume that the Forest Service's motion was against all parties, including Valley County. However, Valley County read the motion as only applying to the IRC plaintiffs and so stated in a footnote in its briefing:

**Memorandum Decision & Order - 2**

>Federal Defendant's Memorandum (Doc 43) purports to support a cross-motion for summary judgment. No such motion has been filed against Valley County and this brief is limited as a reply in support of the motion for summary judgment filed by Plaintiff Idaho Recreation Association and Chris and Lois Schwarzhoff.

*See Valley County's Reply Brief (Dkt. No. 52)* at p. 1, n.1. Valley County also listed the issues it was raising that were not addressed by the Forest Service's summary judgment motion.

The Forest Service never objected to Valley County's interpretation, and does not argue now that it did file a motion for summary judgment against Valley County. This provides the starting point for the Court's analysis – the Forest Service never filed a motion for summary judgment against Valley County. The Court can nevertheless award summary judgment to the Forest Service against Valley County if the requirements of Rule 56(f) are met: (1) Valley County had a reasonable time to respond, and (2) had notice that it was being exposed to summary judgment.

Neither requirement is met here. Valley County's complaint raised issues not addressed by its joint motion for summary judgment filed with the IRC plaintiffs. While Valley County argued many issues, it did not argue every issue it raised in this case. Such a partial opportunity cannot satisfy Rule 56(f). Moreover, Valley County was entitled to advance notice that it could have judgment entered against it on all claims, and no such notice was ever given.

The Court read the broad language in the Forest Service's motion and assumed the motion applied against Valley County. But the Forest Service is not defending that interpretation here. As discussed above, Valley County specifically reserved its rights, and the Court simply overlooked Valley County's reservation. The end result is that Valley County was surprised when a final Judgment was issued against it. Rule 56(f) is designed to guard against such occurrences. Accordingly, the Court will grant Valley County's motion to amend.

**Memorandum Decision & Order - 3**

The next task is to determine what issues remain for Valley County to pursue. Valley County and the IRC plaintiffs jointly pursued summary judgment, and the issues resolved by the Court in its earlier decision form the law of the case and are binding on Valley County. That joint motion only focused on roads inside Management Area 13 (MA-13) because that was the focus of the complaint of the IRC plaintiffs. Valley County's complaint, in contrast, was not limited to MA-13 but challenged the Forest Service's decision as it affected all roads in Valley County. Thus, Valley County retains the right to challenge the Forest Service to the extent that its decision affects roads outside MA-13.

Valley County also retains the right to challenge the Forest Service's conclusions on environmental impact. In its earlier decision, the Court did not address Valley County's challenge to the Forest Service's analysis of environmental impacts.

In conclusion, the Court will grant Valley County's motion to alter or amend, and will allow Valley County to challenge (1) the Forest Service's decision as it affects roads outside MA-13 and (2) the Forest Service's conclusions on environmental impacts.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to alter or amend (docket no. 62) is GRANTED.

IT IS FURTHER ORDERED, that Valley County be allowed to pursue its challenges to (1) roads outside MA-13 and (2) the Forest Service's conclusions on environmental impacts.

IT IS FURTHER ORDERED, that the Judgment (docket no. 57) be deemed an Order as it does not dispose of the entire case.

IT IS FURTHER ORDERED, that the Clerk re-open this case.



DATED: **March 6, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**